**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LADONNA LANDGREN,
      Appellant,

    v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
DE-0752-15-0369-I-1

DATE: September 28, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice L. Jackson, Leavenworth, Kansas, for the appellant.

Anne E. Hinkebein, Esquire, Fort Leavenworth, Kansas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency removed the appellant from the GS-7 position of Medical Technician, effective March 18, 2015. Initial Appeal File (IAF), Tab 1. The agency's decision informed the appellant that, if she elected to file an appeal with the Board, such appeal must be submitted no later than thirty (30) calendar days following the effective date of the action. *Id*. The appellant filed her appeal by regular mail on April 27, 2015. *Id*.

¶3    The administrative judge found that to be timely, the appeal must have been filed with the Board by April 18, 2015; thus, the appeal was filed 9 days late. IAF, Tab 16, Initial Decision (ID) at 3. He ordered the appellant to file evidence and argument showing that the appeal was timely filed or that good cause existed for the delay in filing and ordered the agency to file any evidence that it had on the timeliness issue. IAF, Tab 3.

¶4    Based on both parties' submissions, the administrative judge found that the U.S. Postal Service delivered a notice that required signature confirmation of receipt of the agency's decision letter at the appellant's address on March 13, 2015, ID at 3-4, and the appellant failed to assert that any circumstance rendered her unable to get to the post office for 2 weeks after she received the notice to sign for it and pick it up, ID at 8. Thus, he found that the appellant avoided service of a properly addressed and mailed decision for 2 weeks by intentional or

negligent conduct that frustrated actual service, and the appellant failed to show good cause for her untimely filing of her appeal.  ID at 9.

¶5    In her petition for review, the appellant reiterates the assertion she made below that she received the agency's decision on March 27, 2015, when she picked it up and signed for it at the post office.  Petition for Review (PFR) File, Tab 1.  She notes that, after receipt of the appellant's initial response to the timeliness order and prior to receipt of the agency's response, the administrative judge found that the appeal was timely filed.  *Id*.    She contends that the administrative judge erred in considering the agency's submissions on the timeliness issue, and that her appeal, filed on April 27, 2015, was thus timely.  *Id*.

¶6    Generally, an appeal of a removal action must be filed with the Board within 30 days of the effective date of the action or within 30 days of receipt of the agency's final decision, whichever is later.  *See* 5 C.F.R. § 1201.22.  The administrative judge issued the order on timeliness on May 11, 2015, noting that the appeal appeared to be filed more than 30 days after the effective date of the removal action, and affording the appellant the opportunity to show that her appeal was timely filed or that good cause existed for any delay in filing.  IAF, Tab 3.  He ordered the appellant to respond with 10 days of the order and allowed the agency to file evidence on the timeliness issue within 20 days, or by May 31, 2015.  *Id*.    The appellant filed timely responses, declaring under penalty of perjury that she had picked up the agency's Notice of Decision to Remove sent by priority mail on March 27, 2015.  IAF, Tab 7.

¶7    On May 27, 2015, the administrative judge found that the appellant's declaration constituted preponderant evidence that she received the agency's removal decision on March 27, 2015, and filed her appeal within 30 days.  IAF, Tab 11.  Thus he found that the appeal was timely.  *Id*.  Also on May 27, 2015, the agency filed a response to the May 11, 2015 order on timeliness.  IAF, Tab 12.  With its response, the agency submitted tracking data from the U.S. Postal Service showing that it had left a notice of attempted delivery of the

removal decision at the appellant's residence on March 13, 2015. *Id*. at 10. The agency also submitted an affidavit from an agency employee who stated that she had prepared an envelope containing a copy of the removal decision and addressed to the appellant to be sent by signature confirmation upon delivery, and that the U.S. Postal Service left notice of attempted delivery at the appellant's address on March 13, 2015. *Id*. at 15-16. Because the agency's response was received by the administrative judge prior to the May 31, 2015 deadline for the agency to respond to the order on timeliness, he properly considered it, notwithstanding his premature finding that the appeal was timely.

¶8    Based on the agency's submission, the administrative judge issued a detailed order instructing the parties to further address the timeliness issue. IAF, Tab 13. Both the appellant and the agency responded. IAF, Tabs 14-15. Considering the entire record, we agree with the second decision of the administrative judge and find that the U.S. Postal Service delivered the notice of attempted delivery of the envelope containing the removal decision that required signature confirmation on March 13, 2015, that the appellant is deemed to have received the notice by March 14, 2015, and that she failed to show any circumstances that rendered her unable to go to the post office to pick up the removal notice until 2 weeks after she received the notice. We find that, under these circumstances, the appellant avoided service of a properly addressed and mailed decision by intentional or negligent conduct that frustrated actual service, and that her appeal, filed more than 30 days after the March 18, 2015 effective date of the agency action is properly dismissed as untimely filed. *See* 5 C.F.R. § 1201.22(b)(3).[2]

---

[2] As noted, generally, an appeal of a removal action must be filed with the Board within 30 days of the effective date of the action or within 30 days of receipt of the agency's final decision, whichever is later. *See* 5 C.F.R. § 1201.22. Here, the appellant's appeal was untimely filed by 9 days from the effective date of the action, and the administrative judge properly noted that at one point in the initial decision. ID at 3. However, in his ultimate finding regarding the timeliness of the appeal, the

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

administrative judge mistakenly calculated that the appellant's appeal must be filed within 30 days of the date of receipt of the notice of attempted delivery of the envelope containing the removal decision, which predated the effective date of the action, and found that the appeal was untimely by 14 days. ID at 8. The administrative judge's misstatement did not affect the appellant's substantive rights, however, because she was afforded the opportunity to show good cause for the untimely submission of her appeal and did not do so. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981).

　　　　If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　William D. Spencer
　　　　　　　　　　　　　　　　　　Clerk of the Board

Washington, D.C.